(51 Misc. Rep. 242.)

### FULTON FIRE DEPARTMENT v. CITY OF FULTON.

(Supreme Court, Special Term, Oswego County. June, 1906.)

MUNICIPAL CORPORATIONS — FIRE DEPARTMENT — CREATION AND EXISTENCE — CAPACITY TO SUE.

Laws 1898, p. 828, c. 269, creating the fire department of the village of Fulton, provided that the property owned by it should remain the separate property of the department. Laws 1902, p. 124, c. 63, incorporating the city of Fulton, provided that the ownership of all property connected with the fire department of the village of Fulton should be vested in the city of Fulton. *Held*, that by such later act the Fulton fire department went out of existence and has no legal capacity to sue.

Action by the Fulton Fire Department against the city of Fulton. Demurrer to complaint sustained.

William S. Hillick, for plaintiff.
H. J. Fanning, for defendant.

DEVENDORF, J. This action is brought by the plaintiff to recover $370 alleged to have been converted by defendant. The com-

plaint alleges that the plaintiff is a corporation incorporated under and by virtue of article 7, c. 269, p. 828, Laws of 1898. It further alleges that the defendant is a municipal corporation of the state of New York, incorporated under and by virtue of chapter 63, p. 124, of the Laws of 1902 thereof. The first of said acts above mentioned of the Legislature was to revise, amend, and consolidate the several acts relating to the village of Fulton and. to repeal certain acts with reference thereto; the other was an act to incorporate the city of Fulton.

The first question presented here is whether the plaintiff has capacity to sue. This is to be determined from the language of the statutes embodied in said two acts of the Legislature. By said chapter 269, p. 828, of the Laws of 1898, the chief engineer of the fire department, the assistant engineers, and the wardens of the several companies constitute the council of the fire department; and it is provided therein that the property owned by the fire department shall remain the separate property of the department under the control of the fire council, and the moneys received by taxes on fire insurance companies, fines collected, and penalties paid over shall be held by the treasurer of the department and be under the exclusive control of the fire council, but a statement of all such moneys shall be included in the annual report to the board of trustees of the village. By said chapter 63, p. 124, of the Laws of 1902, incorporating the defendant, it was provided that the ownership and control of all the property and effects pertaining to or connected with the fire department of said villages (Fulton and Oswego Falls) should, by virtue of this said act, be vested in the city of Fulton in the same manner and to the same extent as the same was vested in said villages and fire departments. It is further provided that the mayor first elected under its provisions shall, on or before May 1, 1902, appoint fire and police commissioners, who shall constitute the board of fire and police commissioners, who shall be vested with the powers and duties connected with and incident to the control, government, and discipline of the fire and police departments.

I think that all property owned or in the custody or control of the fire department of the village of Fulton became vested in the city of Fulton at its incorporation under said act of 1902. The fire council, so called, which controlled the property of the fire department under the village government, ceased to exist under said act, and the fire department as such went out of existence, so far, at least, as retaining any right to sue or retain control of the property belonging to it as such fire organization. I do not say that the question is free from doubt; but I think, considering the relative position of these two statutes and the fact that one municipality is involved and one public interest to serve, that the management and control of the property of the fire department was entirely changed by the act creating the city of Fulton, and that the control of such property vested in the city, as expressly provided by its incorporating act, and the village fire department could not thenceforth by action or otherwise control such property.

I do not deem it necessary to consider any further question in the case. This disposition of the matter enables the fire department,

if desired, to easily and without much expense obtain a decision of the appellate court settling the question with reference to its said claim.

The demurrer is sustained, with costs.

Demurrer sustained, with costs.